OPINION
On May 4, 1984, the Fairfield County Grand Jury indicted appellant, Joseph Hughes, on three counts of rape in violation of R.C. 2907.02. Said charges arose from incidents involving appellant's three stepchildren, two stepdaughters, ages eleven and nine, and one stepson, age six.
On June 13, 1984, appellant pled guilty as charged. By entry of sentence filed June 14, 1984, the trial court sentenced appellant to a total aggregate term of eight to twenty-five years.
On December 11, 2000, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By memorandum of decision filed December 22, 2000, the trial court classified appellant as a "sexual predator." A final entry was filed on January 9, 2001.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THE DEFENDANT A SEXUAL PREDATOR UNDER OHIO REVISED CODE § 2950.09 AS THE STATE FAILED TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THE DEFENDANT IS LIKELY TO ENGAGE IN SIMILAR CONDUCT IN THE FUTURE.
 I
Appellant claims the trial court erred in classifying him a sexual predator as the state failed to establish by clear and convincing evidence that appellant would likely engage in similar conduct in the future. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as theCook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
During the classification hearing, the trial court took judicial notice of the indictment and the entry of sentence. T. at 5-6. Appellant pled guilty to three counts of rape involving his three stepchildren, two girls and one boy, all under the age of twelve. Appellant admitted to over seventy sexual interactions with the children. T. at 104. The trial court was presented with the testimony and reports of two psychologists, Bradley A. Hedges, Ph.D and Jeffrey L. Smalldon, Ph.D. See, State's Exhibit 1 and Defendant's Exhibit 1. The state presented the testimony of Dr. Hedges who opined appellant "fits into the classification of sexual predator" based upon a reasonable degree of psychological certainty. T. at 11-12. Dr. Hedges stated appellant "poses a substantial risk of reoffending." T. at 12. He based this opinion upon a number of significant risk factors. T. at 13. Dr. Hedges noted appellant's pattern of sexual relations with one adult female and three children over a two year period of time clearly meets the "diagnostic classification for pedophilia, which is essentially sexual arousal to children for more than a six-month period of time." T. at 13. Dr. Hedges further noted the following:
 And the research pretty clearly shows that persons who offend against prepubescent children are at very high risk. And to confound that further, one of his victims was a male. And so of those folks who offend against prepubescent children, those who offend against male prepubescent children are even at a higher risk. We combine that with the fact that he participated in a range of sexual activities with the kids, including digital penetration, oral sex, attempted intercourse, kissing, fondling, a whole range of sexual activity with these children over a period of about a two-year period of time. Combine that further with the fact that he was married at the time and allegedly had access to a more appropriate sexual release. He, obviously, preferentially chose to become engaged in the sexual contact with the children.
T. at 14-15.
Dr. Hedges stated "there was essentially nothing to mediate the risk." T. at 15. Appellant "continues to kind of minimize any potential risk; therefore, doesn't appear to be at all motivated to do things which would mediate the risk in the future." T. at 16.
Appellant presented the testimony of Dr. Smalldon who opined appellant "would be at relatively low risk for sexual reoffending." T. at 92. He based this opinion upon an assessment of thirteen risk factors which he testified to at length. T. at 72-92. Thereafter, the trial court questioned Dr. Smalldon on the presence of risk factors. T. at 93-95. Dr. Smalldon agreed with the trial court's statement that "if these risk factors are there, there's a consensus this would increase the likelihood of recidivism. If the factor is lacking * * * it doesn't reduce the risk factor. It's just neutral. You can't draw an inference." T. at 95. The trial court then proceeded to go through the thirteen risk factors with Dr. Smalldon and found three to increase risk and ten neutrals. T. at 96-98. The trial court noted "Dr. Hedges was nine were increased and four were neutral * * * [s]o you disagree evidently on about six of these." T. at 98-99.
In its memorandum of decision filed December 22, 2000, the trial court discussed the risk factors and found the following factors set forth in R.C. 2950.09(B)(2) "to increase the likelihood" that appellant would reoffend:
 The age of the victims was six, nine and eleven at the time of the offenses.
 The sexually oriented offenses for which the defendant is incarcerated involved multiple victims.
 The offender's sexual conduct was part of a demonstrated pattern of abuse, which occurred over a fairly long period of time on numerous occasions with three different minor children.
 The offender's behavioral characteristics in that he tends to minimize his responsibility for engaging in inappropriate sexual conduct with minor children, his acknowledged sexual problems in the past, and his additional deviant sexual conduct in showing the minor children pornographic material and engaging in sexual acts with his wife in the presence of the minor children.
Clearly the trial court was presented with conflicting assessments and chose to follow Dr. Hedges's opinion in evaluating the relative factors of R.C. 2950.09(B)(2). The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. We cannot find the trial court erred in accepting Dr. Hedge's assessment.
Upon review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
The sole assignment of error is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
Hon. Julie A. Edwards, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.